IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SUSIE A. GARY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:08cv411-CSC |
| | ) | (WO) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**I. Introduction**

The plaintiff, Susie Gary ("Gary"), applied for disability insurance benefits pursuant

to Title II of the Social Security Act,  42 U.S.C. §§ 401 et seq., and supplemental security

income benefits under Title XVI of the Social Security Act,  42 U.S.C. § 1381 et seq.,

alleging that she was unable to work because of a disability.  Her application was denied at

the initial administrative level.  The plaintiff then requested and received a hearing before

an Administrative Law Judge ("ALJ").  Following the hearing, the ALJ also denied the

claim.  The Appeals Council rejected a subsequent request for review.  The ALJ's decision

consequently became  the  final  decision  of  the  Commissioner  of  Social  Security

(Commissioner).[1]  *See  Chester v. Bowen*, 792 F.2d 129, 131 (11th  Cir. 1986).  The case is

now before the court for review pursuant to 42 U.S.C. §§ 405 (g) and 1631(c)(3).  Pursuant

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to the United

States Magistrate Judge conducting all proceedings in this case and ordering the entry of final

judgment.  Based on the court's review of the record in this case and the briefs of the parties,

the court concludes that the decision of the Commissioner should be reversed and this case

remanded to the Commissioner for further proceedings.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the

person is unable to

> engage in any substantial gainful activity by reason of any medically
> determinable physical or mental impairment which can be expected to result
> in death or which has lasted or can be expected to last for a continuous period
> of not less than 12 months . . .

To make this determination,[2] the Commissioner employs a five-step, sequential

evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific
> impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next
> question, or, on steps three and five, to a finding of disability.  A negative
> answer to any question, other than step three, leads to a determination of "not
> disabled."

---

[2]   A "physical or mental impairment" is one resulting from anatomical, physiological, or
psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory
diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The standard of review of the Commissioner's decision is a limited one.  This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  A reviewing court may not look only to those parts of the record which support the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.  The Issues

**A.  Introduction.**  Gary was 37 years old at the time she applied for disability benefits, (R. 67), and 39 years old at the time of the first hearing before the ALJ.  (R. 547).

---

[3]  *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

She completed the eleventh grade.[4]  (*Id*.).  Following the hearing, the ALJ concluded that the plaintiff has severe impairments of carpal tunnel syndrome, diabetes, and arthritis.[5]  (R. 19).  The ALJ concluded that  Gary could not perform her past relevant work as a sewing machine operator and nursing home cook.  (R. 22).  However, the ALJ concluded that because the plaintiff has the residual functional capacity to perform sedentary work, and that there are jobs that exist in the national economy that she could perform, Gary is not disabled.  (R. 22-23).

**B. Plaintiff's Claims.**  Gary presents five issues for the Court's review. As stated by Gary, they are as follows:

1.   Whether the ALJ erred by failing to properly evaluate Ms. Gary's residual functional capacity.

2.   Whether the ALJ erred by failing to properly apply the pain standard.

3.   Whether the ALJ committed reversible error by failing to pose a complete hypothetical to the vocational expert.

4.   Whether the ALJ erred by failing to properly consider Ms. Gary's depression.

5.   Whether the ALJ erred by misclassifying Ms. Gary's education.

(Pl's Br. at 1).

---

[4]  Gary alleges that the ALJ erred when he found that Gary has "at least a high school education," (R. 22), because she alleges that she only completed the eleventh grade.  (R. 89).  Even if the court were to conclude that the ALJ erred, Gary has failed to demonstrate that she was prejudiced by that error. Consequently, the court concludes that any error regarding Gary's educational background is immaterial.

[5]  The ALJ does not identify the location of Gary's arthritis.

4

## IV. Discussion

The plaintiff raises several issues and arguments related to this court's ultimate inquiry of whether the Commissioner's disability decision is supported by the proper legal standards and substantial evidence. *See Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987). However, the court pretermits discussion of the plaintiff's specific arguments because the court concludes that the ALJ erred as a matter of law at step two of the sequential analysis.

**A. Obesity.** The plaintiff argues that the ALJ failed to properly consider her obesity, migraine headaches and depression.[6] With respect to her obesity, the plaintiff argues as follows.

> The ALJ also failed to properly consider Ms. Gary's obesity. Ms. Gary testified that she is five feet tall and 195 pounds. (R. 569). Her physicians have diagnosed her with obesity. (R. 271, 284, 347, 486). Despite this evidence of obesity, the ALJ's decision does not mention obesity. (R. 14-24).
>
> *        *        *
>
> In the case at bar, the ALJ did not mention Ms. Gary's obesity. (R. 19-14). He did not explain how he reach (sic) a conclusion on whether Ms. Gary's obesity caused any physical or mental limitations. Therefore this case should be remanded for proper consideration of Ms. Gary's obesity.

(Pl's Br. at 7).

Beyond this generalized statement about her obesity, Gary alleges no facts and points to no evidence in the record to support her position that her obesity places significant

---

[6] The plaintiff also argues that the ALJ failed to properly consider her diabetic retinopathy. While the plaintiff has complained of blurred vision, no physician has diagnosed Gary with diabetic retinopathy. However, on remand, the Commissioner is encouraged to consider whether Ms. Gary's diabetes has progressed to the point of causing retinopathy.

limitations on her ability to work. The burden is on the plaintiff to demonstrate that the Commissioner's decision is not supported by substantial evidence, and the argument of counsel is simply insufficient to meet this burden. *See generally Road Sprinkler Fitters Local Union No. 669 v. Indep. Sprinkler Corp.*, 10 F.3d 1563, 1568 (11th Cir. 1994) (It is not the court's responsibility to seek out facts in support of the plaintiff's position.) More importantly, however, the objective medical evidence of record does not demonstrate that any treating or consultative physicians placed limitations on Gary due to her obesity. Consequently, she is entitled to no relief on this basis.

**B. Migraine Headaches and Depression**. However, with respect to her migraine headaches and depression, the court concludes that the ALJ erred at step two of the sequential analysis because he failed to properly consider whether these impairments constitute severe impairments. It follows, therefore, that his determination that the plaintiff is not disabled is not supported by substantial evidence.

In her initial disability report dated March 11, 2000, the plaintiff complains about headaches for which she takes medication.[7]  (R. 88, 92). On December 30, 2003, Gary complained about constant headaches, three times a day, even though she was taking Lortab and Tylenol. (R. 297). During her consultative examination on March 29, 2004, Gary complained of generalized headaches. (R. 283).

---

[7] In April 1999, Gary complained to Dr. Hollobaugh of headaches "mostly at night." (R. 230). Dr. Hollobaugh prescribed Lortab. (*Id*.). She continued to complain of headaches, and in July, Dr. Hollobaugh prescribed Elavil. (*Id.*)

6

On February 5, 2005, Gary presented to the emergency room at Dale Medical Center complaining of headaches. (R. 386). She was diagnosed with migraine headaches and prescribed medication. (R. 388). On February 22, 2005, Dr. Hassan Kesserwani, a board certified neurologist, diagnosed Gary with migraine headaches and recommended Topamax. (R. 399). Dr. Kesserwani was still treating her headaches with Topamax in May 2005. (R. 189, 199, 428). Finally, during the supplemental administrative hearing in 2007, Gary testified that she suffers from headaches and that she takes pain pills to manage the pain.[8] (R. 581-82).

> Q:       Do you have any problems with headaches, and if so, what?
>
> A:       Yes, ma'am.
>
> ALJ:     All right, counselor, now you're leading, we don't need to go there. If she has the problem, she'll tell you. You're not, she's not going to answer your question. Try again. Don't lead.
>
> BY ATTORNEY:
>
> Q:       What problems do you have? Just kind of start at your head and come down. Think of everything that's wrong with you.
>
> A:       With my head, my left side of my head hurts all the time where I can't stand the light, being in a noisy room, and it lasts for about two, maybe three hours. And then I get so like twice a day, then –
>
> Q:       What brings that on?

---

[8] The medical records demonstrate that, over the years, Gary has been prescribed Lortab, Lidoderm patches, Topamax, Tramadol, Propoxy, Oxycodone, Ibuprofen, generic Darvocet, Robaxin, Flexeril, Demerol, and Phenergam for pain, although not necessarily prescribed for her headaches. (R. 163, 182, 202-04, 207, 209-10, 230, 232, 282, 290, 316, 323, 388, 399, 438, 451, 483).

A:          Stress mainly, I believe.  That's what I am thinking.

Q:          What relieves it, if anything?

A:          The medication I am taking. Pain pills or whatever I take, one of those and go lay in a dark room.

(R. 581-82).

Although the record is replete with references to migraine headaches, the ALJ simply ignored evidence that Gary suffers from migraine headaches.

Moreover, Dr. Chandler diagnosed Gary as suffering from depression and prescribed Lexapro in November 2005. (R. 204, 415).  Pharmacy records demonstrate that as late as December 18, 2006, Gary was still taking Lexapro.  (R. 212-213).  At the initial administrative hearing on December 21, 2006, the ALJ was informed that Gary was being treated for depression but at that time, he declined to send her for a psychological evaluation.[9]  (R. 564-65).  In this circuit, depression can be a non-exertional restriction on an individual's ability to work.  *See Pendley v. Heckler,* 767 F.2d 1561, 1563 (11th Cir. 1985) (reversing ALJ's decision for failure to incorporate severe impairments of anxiety and depression into hypothetical to vocational expert).  In *Pendley*, the ALJ did not ask the vocational expert to assume the claimant's anxiety or depression, both of which he found to be severe impairments, in his hypothetical question.  The Eleventh Circuit found that the ALJ's decision was unsupported by substantial evidence and thus, the Commissioner had

---

[9]  The court is not suggesting that the mere fact that Gary is taking Lexapro requires that she be sent for a consultative psychological evaluation.  However, the ALJ does need to address the severity of the alleged impairment, as well as its effect on Gary's ability to work.

failed to meet its burden of showing the plaintiff could perform other work in the national economy.  The Eleventh Circuit, concluding the "misuse of the expert's testimony alone warrant[ed] reversal," remanded the case.  *Id.* at 1563.

The ALJ does not mention Gary's migraine headaches or her depression in his disability determination, and thus, he makes no findings about whether her migraine headaches or depression constitute severe impairments.  The severity step is a threshold inquiry which allows only "claims based on the most trivial impairment to be rejected." *McDaniel*, 800 F.2d at 1031.  Indeed, a severe impairment is one that is more than "a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work."  *Bowen v. Yuckert*, 482 U.S. 137, 154 n. 12 (1987) (citing with approval Social Security Ruling 85-28 at 37a).

A physical or mental impairment is defined as "an impairment that results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."   42 U.S.C. § 1382c(a)(3)(c).  The plaintiff has the "burden of showing that [her] impairments are 'severe' within the meaning of the Act."  *McDaniel*, 800 F.2d at 1030-31.  Once the plaintiff establishes that she suffers from a severe impairment, the ALJ is not entitled to ignore that evidence.

Furthermore, because the ALJ simply ignored evidence that Gary suffers from migraine headaches and depression, he could not have properly consider the effects of these

impairments on Gary's ability to work. Consequently, the court is unable to determine whether the ALJ's conclusion that Gary is not disabled is supported by substantial evidence. In fact, that conclusion is contrary to the evidence.  It is plain that the plaintiff suffers from non-physical impairments.  What is not plain is the effect of those impairments.  "'Even a "mild" mental impairment may "prevent [a] claimant from engaging in the full range of jobs contemplated by the exertional category for which the claimant otherwise qualifies.'"  *Allen v. Sullivan*, 880 F.2d 1200, at 1202 (11th Cir. 1989).

For these reasons, the court concludes that the Commissioner erred as a matter of law, and that the case should be remanded for further proceedings  regarding the severity of the plaintiff's migraine headaches and depression, and their effect on her ability to work. The ALJ must consider every impairment alleged by the plaintiff and determine whether the alleged impairments are sufficiently severe – either singly or in combination – to create a disability. *See Gibson v. Heckler,* 779 F.2d 619, 623 (11th Cir. 1986).  All of the plaintiff's impairments must be considered in combination even when the impairments considered separately are not severe. *Hudson v. Heckler,* 755 F.2d 781, 785 (11th Cir. 1985).  In light of the ALJ's failure to fully and fairly consider the evidence in the record of the plaintiff's migraine headaches and depression, the court concludes that the ALJ failed to meet his burden in this regard.  As a result of his failure to consider the plaintiff's impairments in combination, doubt is necessarily cast upon the ALJ's conclusion that the plaintiff is not disabled.

## V. Conclusion

Accordingly, this case will be reversed and remanded to the Commissioner for further proceedings consistent with this opinion.

A separate order will be entered.

Done this 22nd day of September, 2009.

_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

11